# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., )
)
)
Petitioner, )
)
v. )        C.A. No. N26M-02-090 CLS
)
DELAWARE DIVISION OF )
SUBSTANCE ABUSE & )
MENTAL HEALTH, )
)
Respondent. )

Date Submitted: April 9, 2026
Date Decided: June 10, 2026

*Upon Consideration of the Respondent's Motion to Dismiss*, **GRANTED.**

## ORDER

Having considered the Delaware Division of Substance Abuse & Mental Health's ("Respondent") Motion to Dismiss Petition for Writ of Mandamus,[1] and Augustus Hebrew Evans, Jr.'s ("Petitioner") Response in Opposition,[2] it appears to the Court that:

1. This case stems from Petitioner's assertions that he is entitled to a share of the settlement from the Delaware opioid litigation.[3]  On February 12, 2026, Petitioner

---

[1] Mot. to Dismiss Pet. For Writ of Mandamus, D.I. 26 ("Mot. to Dismiss").
[2] Pro se Pet'r Resp. in Opp'n to Mot. to Dismiss, D.I. 28 ("Pet'r Resp.").
[3] *See generally* Pet. for Writ of Mandamus, D.I. 1 ("Pet.").

filed a Petition for Writ of Mandamus, asking the Court to order the Respondent to "create [a] recognizable application and grant the $25,000 request" for the settlement funds to pursue a lawsuit on behalf of incarcerated individuals effected by the opioid epidemic.[4]

2. On March 24, 2026, Respondent filed the instant Motion to Dismiss the Petition for Writ of Mandamus because Petitioner does not meet the requirements necessary for the Court to issue a writ of mandamus.[5] Petitioner filed a Response in Opposition on April 9, 2026.[6]

3. The Court finds that Petitioner may not recover under any reasonably conceivable set of circumstances[7] because Petitioner has not established a clear legal duty. The Court has "broad discretion" to deny a petition for a writ of mandamus where the petitioner has not established a clear legal duty.[8] "For the performance of a duty to be clearly owed to a petitioner, it must be nondiscretionary or ministerial, meaning that it is 'prescribed with such precision and certainty that nothing is left to discretion or judgment.'"[9]

---

[4] *Id.* § V.

[5] *See generally* Mot. To Dismiss.

[6] *See generally* Pet'r Resp.

[7] *See* Super. Ct. Civ. R. 12(b)(6); *ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[8] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (internal citation omitted).

[9] *Id.* (quoting *Guy v. Greenhouse*, 637 A.2d 827, 1993 WL 557938, at *1 (Del. Dec. 30, 1993) (TABLE)).

4.  The statutory language that controls disbursement of the settlement funds is plainly discretionary.    The Prescription Opioid Settlement Distribution Commission's duty as described under 16 *Del. C.* § 5196(c) is to use its judgment on how to best disburse opioid settlement funds consistent with the purpose of the statute.  Therefore, Petitioner fails to state a claim for relief as he does not petition the existence of a clear legal duty.

5.  In conclusion, for the foregoing reasons, Respondent's Motion to Dismiss Petition for Writ of Mandamus is **GRANTED**.


**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.